The STATE of Ohio, Appellee,

v.

MATHIS, Appellant.

[Cite as *State v. Mathis* (1999), 134 Ohio App.3d 77.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–980664.

Decided June 25, 1999.

Michael K. Allen, Hamilton County Prosecuting Attorney, and Ronald W. Springman, Jr., Assistant Prosecuting Attorney, for appellee.

Alphonso Mathis, pro se.

---

SUNDERMANN, Judge.

On November 11, 1995, a jury found appellant Alphonso Mathis guilty of complicity to murder Ronald Dodson. Mathis appealed the conviction resulting from the jury's verdict, and on December 31, 1996, this court affirmed the judgment of the trial court. On June 4, 1998, Mathis filed a motion for leave to file a delayed Crim.R. 33 motion for a new trial based on newly discovered evidence. In support of his motion, Mathis provided his own affidavit, two affidavits of Avery McMullen, the affidavit of Joseph Elliott, the affidavit of Victor Rogers, and the affidavit of Montorri Lipscomb. The trial court denied Mathis's motion on June 5, 1998. Mathis appeals the denial of the motion,

contending that he demonstrated that he was unavoidably prevented from discovering the evidence that he claims entitles him to a new trial within one hundred twenty days of the jury's verdict. We disagree.

■ Under Crim.R. 33(B), if a defendant fails to file a motion for a new trial based on newly discovered evidence within one hundred twenty days of a jury's verdict, he or she must seek leave from the trial court to file a delayed motion. To obtain such leave, the defendant has to demonstrate by clear and convincing proof that he or she was unavoidably prevented from discovering the evidence within the one hundred twenty days.[1] "[A] party is unavoidably prevented from filing a motion for new trial if the party had no knowledge of the existence of the ground supporting the motion for a new trial and could not have learned of the existence of that ground within the time prescribed for filing the motion for new trial in the exercise of reasonable diligence."[2]

■ Clear and convincing proof is a measure of proof that is more than a preponderance of the evidence, but less than proof beyond a reasonable doubt: it " 'produce[s] in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.' "[3] Clear and convincing proof requires more than a mere allegation that a defendant has been unavoidably prevented from discovering the evidence he seeks to introduce as support for a new trial.[4] "Where the proof required must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof."[5] However, where there is competent and credible evidence supporting the trial court's decision, the appellate court should not substitute its judgment for that of the trial court.[6]

■ The record indicates that on June 4, 1998, more than two and one-half years after Mathis's conviction, Mathis filed his motion seeking leave to file a motion for a new trial based on newly discovered evidence. In his memorandum

---

1. Crim.R. 33(B).

2. *State v. Walden* (1984), 19 Ohio App.3d 141, 145–146, 19 OBR 230, 235, 483 N.E.2d 859, 865.

3. *State v. Schiebel* (1990), 55 Ohio St.3d 71, 74, 564 N.E.2d 54, 60, quoting *Cross v. Ledford* (1954), 161 Ohio St. 469, 53 O.O. 361, 120 N.E.2d 118, paragraph three of the syllabus.

4. See *State v. Kiraly* (1977), 56 Ohio App.2d 37, 55, 10 O.O.3d 53, 63, 381 N.E.2d 649, 660–661 (Krenzler, J., concurring in judgment only); *State v. Dodrill* (Oct. 28, 1987), Lorain App. No. 4204, unreported, 1987 WL 19466.

5. *State v. Schiebel, supra,* 55 Ohio St.3d at 74, 564 N.E.2d at 60.

6. See *id.*

supporting the motion, Mathis stated that on April 1, 1997, he obtained sworn affidavits from Avery McMullen, Joseph Elliott, and Victor Rogers. He also obtained a sworn affidavit from Montorri Lipscomb on May 28, 1998. Specifically, Mathis stated that he did not know that McMullen possessed the information until more than one hundred twenty days after his trial, that he was unavoidably prevented from obtaining the information from Elliott because he was not acquainted with Elliott until more than one hundred twenty days after the jury's verdict, that he could not have earlier obtained the information from Rogers because Rogers had exercised his privilege against self-incrimination at Mathis's trial, and that he was unavoidably prevented from providing Lipscomb's testimony earlier because Lipscomb claimed that he had not seen anything at the time of the murder and because, although subpoenaed, Lipscomb did not take the stand at his trial. Mathis attached the affidavits from McMullen, Elliott, Rogers, and Lipscomb to his motion.

In McMullen's first affidavit, he contended that Woods, a witness at Mathis's trial, allegedly made certain statements on December 19, 1995, that contradicted and impeached Woods's trial testimony. McMullen, who was apparently an acquaintance of Mathis, clearly had knowledge of Woods's testimony before the one hundred twenty days had ended. Thus, the fact that Mathis did not know McMullen had the information relating to Woods's statements does not demonstrate how Mathis was prevented, if he had exercised due diligence and effort, from discovering the statements within one hundred twenty days of the jury's verdict. In McMullen's second affidavit, he stated that "on or about" March 20, 1996, he had a conversation with Rogers in which Rogers informed him that he had shot Dodson and that Mathis had no knowledge of the incident. Even if we assume that this conversation may have occurred outside the one hundred twenty–day filing period, the record reflects that McMullen signed the affidavit on September 23, 1996. Apparently, this information was available to Mathis almost two years before he filed the motion. Mathis presents no explanation why he delayed filing his motion for an additional two years. Thus, Mathis did not exercise reasonable diligence in bringing that evidence to light in a timely manner.[7]

In Elliott's affidavit, he alleged that Rogers told him that Mathis was not involved in Dodson's murder. Mathis's defense at his trial was that Rogers had killed Dodson, and that Mathis was not present. However, the record fails to demonstrate by clear and convincing evidence that Mathis did not have the opportunity for diligent inquiry to find Elliott within one hundred twenty days of

---

7. See *State v. Nicholson* (May 1, 1997), Cuyahoga App. No. 70916, unreported, 1997 WL 218412.

the verdict to substantiate his defense. Further, Elliott's affidavit failed to indicate the date when he learned Rogers had acted alone. Because it was Mathis's burden to demonstrate otherwise, we assume that the information was available before the one hundred twenty days had ended.

In Rogers's affidavit, he stated that Mathis was not with him at the time of the murder and that Mathis did not use his car to help Rogers escape. At Mathis's trial, Rogers was subpoenaed and called as a witness, but he exercised his privilege against self-incrimination. Clearly, Rogers possessed this information during the one-hundred-twenty-day time period, and no evidence was offered as to why Rogers did not come forth with the information during that period. Therefore, the information presented in Rogers's affidavit was available to Mathis within the required time period. Additionally, Rogers's affidavit was notarized on September 23, 1996, so Mathis was aware of Rogers's contentions nearly two years before he filed his motion.[8] Absent an explanation for why the evidence could not have been discovered during the statutory time frame or why he was delayed for years before filing his motion after receiving Rogers's affidavit, we cannot say that Mathis provided clear and convincing evidence that he was unavoidably delayed in obtaining this evidence.

Finally, in Lipscomb's affidavit, he stated that he saw an individual other than Mathis with Rogers when Rogers shot Dodson, and that he saw Rogers shoot Dodson. Mathis has failed to demonstrate that he was unavoidably prevented from discovering Lipscomb's evidence. Lipscomb was subpoenaed and available for examination at trial. The fact that he had stated that he had not seen anything in an informal setting did not preclude Lipscomb from being sworn as a witness and questioned at trial. If this had occurred, Lipscomb might have provided truthful testimony.

In sum, we hold that Mathis did not present sufficient evidence to obtain leave for the filing of a motion for a new trial. Mathis's sole assignment of error is, therefore, overruled, and we affirm the judgment of the trial court.

*Judgment affirmed.*

WINKLER, J., concurs.

PAINTER, P.J., dissents.

---

**8.** See *State v. Nicholson, supra.*

PAINTER, Presiding Judge, dissenting.

While I agree with the majority that Mathis failed to meet the clear-and-convincing standard of Crim.R. 33(B) regarding the evidence related in McMullen's first affidavit, Woods's affidavit, and Lipscomb's affidavit, I would conclude that the information provided in McMullen's second affidavit, dated September 23, 1996, and in Rogers's affidavit did provide Mathis the right to file a motion for a new trial. The information in McMullen's second affidavit, that Rogers said that Mathis was not involved in the murder, was not provided to McMullen until March 20, 1996. Thus, this was information that would not have been available within one hundred twenty days after Mathis's trial. Contrary to the state's assertion, the information was not necessarily hearsay and might have been admissible under Evid.R. 804(B)(3).

Rogers exercised his privilege against self-incrimination during Mathis's trial. In September 1996, he executed his affidavit in which he stated that Mathis was not with him at the time of the murder and that Mathis did not help him escape with his car. (The state contends that it could not locate the signature page to Rogers's affidavit. The record shows that Rogers signed his affidavit on the back page above the notary's stamp.) In *State v. Barber*,[9] the Tenth Appellate District acknowledged that evidence provided by a witness after he had exercised his Fifth Amendment right not to testify at a trial was clearly unavailable until the witness agreed to testify after trial, and that calling him as a witness at trial demonstrated "reasonable diligence" in attempting to produce his testimony at trial. Although *State v. Barber* did not involve a motion for leave to file a delayed new-trial motion, I believe that its conclusion is instructive in this case. Rogers's invocation of the Fifth Amendment and the trial court's finding that he was unavailable at trial clearly made the testimony in his affidavit unavailable until he executed his affidavit.

Our review should focus on whether Mathis exercised "reasonable diligence" in obtaining the evidence he now wishes to present to the trial court, and not on whether he exercised "reasonable diligence" in filing his motion for leave to file an untimely motion for a new trial. Even so, I conclude that the record demonstrates that Mathis was diligently addressing his concerns with the judicial system. He filed a direct appeal in November 1996. He filed a postconviction petition, *pro se*, without signed affidavits on October 16, 1996. In November 1996, the trial court denied his postconviction petition. In December 1996, we affirmed his conviction. In April 1997, he obtained the necessary verified affidavits. In June 1998, he filed his motion for leave.

---

9. *State v. Barber* (1982), 3 Ohio App.3d 445, 3 OBR 524, 445 N.E.2d 1146.

Mathis proved by clear and convincing evidence that he was unavoidably prevented from discovering the evidence contained in Rogers's affidavit and in McMullen's September 23, 1996 affidavit within the one hundred twenty days required under Crim.R. 33(B), and, thus, I would reverse the trial court's judgment and remand this cause to the trial court for the entry of an order granting Mathis leave to file a motion for a new trial. Whether that motion would, or should, be granted is not before us now.