This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant, Willie Applewhite, Jr., appeals from the judgment of the Medina County Court of Common Pleas which denied his motion for leave of court to file a delayed motion for a new trial. We affirm.
A jury convicted Defendant of one count of possession of cocaine and one count of possession of marijuana. The trial court sentenced him accordingly. Defendant directly appealed and this court affirmed the trial court's decision. State v. Applewhite (Jan. 26, 2000), Medina App. No. 2958-M, unreported. Approximately two and one-half years after Defendant was found guilty, he moved the trial court for leave to file a delayed motion for a new trial and attached an affidavit in support. The trial court denied the motion. Defendant timely appealed raising one assignment of error for review.
 ASSIGNMENT OF ERROR Whether the trial court erred in denying [Defendant's] motion for leave of court to file a delayed motion for a new trial. Where misconduct by the State's attorney and Witness for the State for the knowingly use of false and perjured testimony to convict * * * Defendant, which materially and prejudicially interferred [sic.] with Defendant's fundamental right to a fair and impartial jury trial as mandated by the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article 1, Sections 10 and 16
of the Ohio Constitution. [sic.] And the trial court failed to make the determination of whether Defendant was unavoidably prevented from the discovery of the new evidence within the statutory time. Crim.R. 33(B).
Defendant contends that the trial court erred in denying his motion for leave to file a delayed motion for a new trial. We disagree.
A new trial may be granted on the motion of the defendant "[w]hen new evidence material to the defense is discovered, which the defendant could not with reasonable diligence have discovered and produced at the trial." Crim.R. 33(A)(6). Such a motion must be made within one hundred twenty days of the end of the proceedings if the basis for the motion is the discovery of new evidence. Crim.R. 33(B). If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period. Id. Clear and convincing proof requires more than a mere allegation that a defendant has been unavoidably prevented from discovering the evidence he seeks to introduce as support for a new trial. State v. Mathis (1999), 134 Ohio App.3d 77, 79.
From the language of the rule, it is clear that a two-step process is anticipated when the motion is made outside the period during which motions for a new trial are permitted as a matter of course. The initial step results in the issuance of an order from the court that there was an unavoidable delay. Within seven days after that order, the defendant must move for a new trial.
Here, Defendant moved for leave to file a delayed motion for a new trial pursuant to Crim.R. 33(A)(6) approximately two and one-half years after the verdict was rendered in his case. In support of his motion, Defendant attached his own affidavit. Specifically, Defendant stated in his affidavit that he "was unavoidably prevented from discovery of the new evidence within one hundered [sic.] and twenty days after the verdict was rendered with the exercise of due dilligence [sic.], due to his incarceration." Furthermore, Defendant declared that "he was taken by surprise when the false testimony was given at trial, but was unable to refute the false testimony until now." According to Defendant's affidavit, the basis for the motion was that Defendant had discovered new evidence and that he had "the necessary document to prove the falsification, perjured testimony, and prosecutor misconduct that he attest[s] to."
Although Defendant asserted that he was unable to obtain the alleged new evidence due to his incarceration, the record reflects that he remains incarcerated.[1] Therefore, Defendant obtained the alleged new evidence while he was incarcerated and he has failed to explain the delay. Furthermore, in Defendant's motion he stated only that the alleged new evidence was a document. Since he failed to identify when that document became available or where he obtained it, we cannot say that he was unavoidably prevented from discovering it within the time permitted under the Rules of Criminal Procedure.
On the basis of the affidavit submitted with his motion, Defendant did not meet his burden of establishing by clear and convincing proof that the evidence "was undiscoverable within one hundred twenty days." See Crim.R. 33(B). Consequently, the trial court did not err in denying Defendant's motion for leave to file a delayed motion for a new trial. Defendant's assignment of error is overruled.
Defendant's sole assignment of error is overruled. The judgment of the Medina County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
BAIRD, J., CARR, J. CONCUR.
[1] We note that Defendant has now been released from incarceration.