OPINION
Defendant, Larry Warwick, appeals from a judgment denying his motion for a new trial.
In February 1994, a jury convicted Defendant of three counts of rape, two counts of kidnaping, and gun specifications attached to each charge. The trial court merged the gun specifications and sentenced Defendant to terms of imprisonment totaling eighteen to sixty-five years. We affirmed Defendant's conviction and sentence on direct appeal. State v. Warwick(Dec. 28, 1994), Champaign App. No. 94-CA-4.
More than seven and one-half years later, on October 9, 2001, Defendant filed a motion pursuant to Crim.R. 33, seeking a new trial. As grounds, Defendant raised claims implicating irregularities in the proceedings or rulings by the trial court per Crim.R. 33(A)(1): that a tape recorded phone conversation between Defendant and the victim was improperly admitted, that Defendant's conviction and sentence for both rape and kidnaping was barred by the doctrine of allied offenses, and that defense counsel was ineffective because he failed to object to the admission of certain evidence illegally seized by police and because he failed to raise the allied offenses issue., Defendant also raised claims of prosecutorial misconduct under Crim.R. 33(A)(2): suborning perjury by the victim and/or forcing the victim to testify falsely against Defendant, and failing to disclose to the defense that certain evidence introduced by the State at trial was illegally seized by police.
Additionally, Defendant raised claims of newly discovered evidence under Crim.R. 33(A)(6): the fact that letters on Defendant's computer that the State used against him at trial were illegally seized by police, and the fact that the victim had since recanted her trial testimony and states that she was forced by the prosecutor to testify falsely against Defendant. The trial court overruled Defendant's motion for a new trial without a hearing because Defendant's motion was not timely filed., Defendant has timely appealed to this court. Defendant presents five assignments of error for our review. Pursuant to App.R. 12(A)(1)(c), we will address only the second assignment of error because our resolution of that claimed error is dispositive of this case and moots the remaining claims.
 SECOND ASSIGNMENT OF ERROR "THE TRIAL COURT FAILED TO ALLOW DEFENDANT LEAVE OF COURT TO COMPLY PROPERLY WITH CRIMINAL RULE 33(B)."
Crim.R. 33(B) governs the time for filing a motion for a new trial, and provides:
 "(B) Motion for new trial; form, time. Application for a new trial shall be made by motion which, except for the cause of newly discovered evidence, shall be filed within fourteen days after the verdict was rendered, or the decision of the court where a trial by jury has been waived, unless it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from filing his motion for a new trial, in which case the motion shall be filed within seven days from the order of the court finding that the defendant was unavoidably prevented from filing such motion within the time provided herein.
"Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period."
If a defendant files a motion for a new trial after expiration of the time periods specified in Crim.R. 33(B), defendant must first seek leave of the trial court to file a delayed motion. State v. Mathis (1999),134 Ohio App.3d 77, 79. To obtain leave, defendant must demonstrate byclear and convincing evidence that he or she was unavoidably preventedfrom timely filing the motion for a new trial or discovering the newevidence within the time period provided by Crim.R. 33(B). Id; State v.Roberts (2001), 141 Ohio App.3d 578, 582.
A party is "unavoidably prevented" from filing a motion for a new trialif the party had no knowledge of the existence of the evidence or groundssupporting the motion for a new trial, and could not have learned of thematters concerned within the time provided by Crim.R. 33(B), in theexercise of reasonable diligence. Mathis, supra.
The record demonstrates that Defendant's motion for a new trial was not timely filed. As to each and every claim and ground for relief asserted, Defendant's motion was filed many years out of time. Defendant does not contest that fact. The record also demonstrates that Defendant failed to seek leave of court to file his motion out of time, and made no request that the trial court find that he was unavoidably prevented from discovering the evidence or grounds on Defendant relies within the time periods provided by Crim.R. 33(B). Defendant does not contest that fact either., Defendant claims that the trial court had a sua sponte duty toinform him that he needed to request an order from the court finding thatDefendant was unavoidably prevented from earlier discovery of theevidence he claims entitles him to a new trial. We disagree. The trialcourt had no duty to inform Defendant that he must comply with the plainand obvious requirements in Crim.R. 33(B) in order to obtain leave ofcourt to file a delayed motion for a new trial. It was Defendant's dutyto seek the appropriate order from the trial court, and he did not doit.
Furthermore, examining the affidavits submitted by Defendant in supportof his motion for a new trial, that information, if accepted as true,demonstrates that by 1998 or 1999 Defendant was well aware that thevictim had made statements supposedly recanting her trial testimony,claiming that Defendant was innocent and that the prosecutor had forcedher to testify falsely against him. Yet, Defendant waited two more yearsbefore filing his motion for a new trial. Clearly, Defendant did notexercise reasonable diligence in bringing this evidence to light in atimely manner. Mathis, supra.
The evidence presented by Defendant shows that Defendant did not learn until August 2001 that letters he wrote on his computer that were admitted at his trial had been seized by police from the home of his close friends, Mr. and Mrs. Hynds, without their permission or a search warrant. Defendant nevertheless has known and had a relationship with the Hynds since 1978.
There is a material difference between being unaware of certain information and being unavoidably prevented from discovering that information, even in the exercise of due diligence. The mere fact that Defendant did not know what the Hynds allegedly knew, that police had seized Defendant's computer from their home without their consent or a search warrant, does not demonstrate that Defendant was unavoidably prevented, had he exercised due diligence and some effort, from discovering that information before he did. Mathis, supra.
Accordingly, because Defendant did not request leave of the trial court for leave to file a delayed motion for a new trial, and failed to ask the court to find that he was unavoidably prevented from earlier discovery of the evidence or grounds he claims entitles him to a new trial or present clear and convincing evidence supporting such a finding, the trial court did not abuse its discretion in denying Defendant's untimely filed motion for a new trial., Defendant's second assignment of error is overruled. Our disposition of this claimed error renders the other assignments of error moot. The judgment of the trial court will be affirmed.
WOLFF, P.J. and FAIN, J., concur.