OPINION
{¶ 1} Defendant-appellant William Valentine ("appellant") appeals from the denial of his delayed motion for new trial by the Portage County Court of Common Pleas.
 {¶ 2} On March 18, 1985, a jury convicted appellant of rape. The trial court sentenced appellant to a seven to twenty-five year term for the offense. This court affirmed appellant's conviction in State v.Valentine (Sept. 30, 1992), 11th Dist. No. 91-P-2403, 1992 Ohio App. LEXIS 5044.
 {¶ 3} On September 23, 1996, appellant filed a petition for post-conviction relief, seeking to vacate his sentence. In his petition, appellant argued that his trial counsel was ineffective for trying the case while suspended from the practice of law. On October 30, 1996, the trial court denied appellant's petition, finding appellant's attorney was not suspended from the practice of law until the year after appellant's trial.
 {¶ 4} On April 16, 2002, appellant filed a delayed motion for new trial. Appellant based his motion on a claim of newly discovered exculpatory evidence. The "exculpatory" evidence primarily involves whether appellant approached the victim from the front or grabbed her from behind. Appellant stated he was unavoidably prevented from discovering the evidence prior to his trial or within 120 days of the verdict. In his motion, appellant asserted the prosecutor suppressed several pieces of evidence favorable to the defense and encouraged witnesses to perjure themselves. Appellant argued that a statement at trial by a detective commenting on appellant's post-arrest silence was prejudicial. Appellant contended that the statement was evidence of a conspiracy between the police and the prosecutor's office to secure his conviction. Appellant maintained that the mention of other acts at trial was prejudicial and a misuse of the joinder rules. Appellant asserted his equal protection rights were violated when he was charged with the other acts after failing to accept a plea bargain. Appellant argued the prosecutor willfully excluded all non-caucasian ethnic groups from the jury. Appellant raised a claim of ineffective assistance of counsel based upon disciplinary matters involving his counsel in unrelated matters. Appellant challenged his sentence as being unlawful. On May 2, 2002, the trial court overruled appellant's delayed motion for new trial without hearing.
 {¶ 5} Appellant assigns the following errors for review:
 {¶ 6} "[1.] The trial court erred to the prejudice of the appellant when it improperly denied appellant's delayed motion for new trial nunc pro tunc pursuant to Crim.R. 33(B).
 {¶ 7} "[2.] The due process clause of the Fourteenth Amendment to the United States Constitution and Article I, Section 16 to the Ohio Constitution were violated when the trial court failed to make the requisite factual determination whether any material exculpatory evidence justifying a new trial had been discovered in appellant-Valentine's delayed motion for new trial nunc pro tunc."
 {¶ 8} In his first assignment of error, appellant contends the trial court abused its discretion by denying his motion for new trial. Appellant submits that the trial court had a duty to first determine if appellant was unavoidably prevented from discovering the new evidence within the 120-day time frame, following the verdict, permitted by law. Appellant argues the record shows he was unable to discover the evidence before the 120 day period expired. Appellant maintains that the trial court was required to make this determination, which was even more material because appellant claims the evidence demonstrates prosecutorial misconduct took place, sufficient to affect the outcome of the trial.
 {¶ 9} The procedure for handling a delayed motion for new trial on account of newly discovered evidence is a two-step process. If a defendant wishes to file such a motion, he must first obtain leave of court to file the motion. After leave is granted, the defendant has seven days to file his motion for new trial. State v. York, 2nd Dist. No. 2000 CA 70, 2001-Ohio-1528, 2001 Ohio App. LEXIS 1623. Crim.R. 33(B) provides that motions for new trial based upon newly discovered evidence must be filed within 120 days after the day upon which the verdict was rendered. If the defendant provides clear and convincing proof that he was unavoidably prevented from discovering the evidence, the motion for new trial is to be filed within seven days from an order of the court finding that the defendant was so prevented from timely discovery of the evidence. Clear and convincing proof produces in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established. State v. Mathis (1999), 134 Ohio App.3d 77. A trial court may require a defendant to file his motion for leave to file within a reasonable time after he discovers the new evidence. State v. Stansberry
(Oct. 9, 1997), 8th Dist. No. 71004, 1997 Ohio App. LEXIS 4561. The party must demonstrate he had no knowledge of the existence of the grounds supporting the motion for a new trial and could not have learned of the existence of those grounds within the time prescribed for filing the motion for new trial in the exercise of reasonable diligence. Mathis, supra.
 {¶ 10} Appellant's motion, filed with the trial court, is titled "Delayed Motion for New Trial." Appellant then moves for leave to file a motion for new trial. Appellant then goes on to present his motion for new trial. Throughout the motion and in his supporting affidavit, appellant fails to offer even one word as to why he was unavoidably delayed from discovering the proffered evidence, the police statements, racial make-ups of the jury pool, and post trial disciplinary difficulties of his counsel in a timely manner. Appellant never discloses when or how he came into possession of the evidence supporting his motion. Many of the issues he raised were unsupported by any evidence appellant wanted appointed counsel and an investigator to discover the evidence. Appellant's failure to offer any support showing he was unavoidably prevented from discovering the evidence in a timely manner certainly falls far short of meeting a clear and convincing standard of proof. As such, the trial court certainly was within its discretion in summarily overruling appellant's motion.
 {¶ 11} Further, a review of that motion shows no reason to grant a new trial. In order to obtain a new trial based upon newly discovered evidence, a defendant must show that "the new evidence: (1) discloses a strong probability that it will change the result if a new trial is granted; (2) was discovered after the trial; (3) is such as could not in the exercise of due diligence have been discovered before the trial; (4) is material to the issues; (5) is not merely cumulative to the former evidence; and (6) does not merely impeach or contradict the former evidence." State v. Petro (1947), 148 Ohio St. 505, syllabus.
 {¶ 12} Appellant offers minor areas where a witness's testimony may have been impeached, such as evidence of conflict regarding which way the victim was approached by the assailant and the victim's failure to identify appellant at the scene. The victim testified at trial that she did not identify appellant at the scene because of her fear and trauma. Defense counsel questioned the victim about the identity issue at trial. Defense counsel was aware of the police report that the victim did not identify appellant at the scene. Other issues, such as the supposed racial bias of the jury, the sentence, ineffective assistance of counsel, a comment at trial on appellant's post-arrest silence, other acts evidenced, and joinder, either could have or were addressed on direct appeal or in appellant's petition for post-conviction relief. Appellant's charge of conspiracy is unsupported as it is based upon conjecture and supposition.
 {¶ 13} A court need not continue to address issues already determined in prior proceedings. The doctrine of res judicata establishes that a final judgment of conviction bars a convicted defendant, who was represented by counsel, from raising and litigating in any proceeding, except a direct appeal from that judgment of conviction, any defense or any claimed lack of due process that was raised or could have been raised by the defendant on appeal. State v. Szefcyk, 77 Ohio St.3d 93,1996-Ohio-337; State v. Perry (1967), 10 Ohio St.2d 175. Appellant either raised, or could have raised, the majority of the issues in his direct appeal and in his petition for post-conviction relief. As such, appellant is barred from continuing to re-litigate these settled issues.
 {¶ 14} A motion for a new trial, made pursuant to Crim.R. 33, is addressed to the sound discretion of the trial court. State v. Schiebel
(1990), 55 Ohio St.3d 71, paragraph ten of the syllabus. A trial court's ruling on a Crim.R. 33(B) motion will not be disturbed absent an abuse of that discretion. Id. The discretionary decision to grant a motion for a new trial is an extraordinary measure which should be used only when the evidence presented weighs heavily in favor of the moving party. State v.Otten (1986), 33 Ohio App.3d 339.
 {¶ 15} Although it would have been the better practice for the trial court to clearly state whether it was overruling appellant's motion as being untimely or upon the merits, we find no prejudice after reviewing appellant's motion as the doctrine of res judicata bars appellant from raising most of the issues again. The trial court did not abuse its discretion by overruling appellant's motion for new trial based upon newly discovered evidence. Appellant's first assignment of error is overruled.
 {¶ 16} In his second assignment of error, appellant argues that the trial court erred by overruling his motion for new trial without first holding an evidentiary hearing. Appellant submits the action was prejudicial to him and denied him even a minimal level of due process. Appellant argues that, at a hearing, the trial court would have had a meaningful opportunity to properly examine the motion.
 {¶ 17} The decision of whether or not to hold an evidentiary hearing on a defendant's motion for new trial is within the sound discretion of the trial court. State v. Tomlinson (1997),125 Ohio App.3d 13. A trial court does not abuse its discretion when it overrules a motion for a new trial that is not properly supported by affidavits as required by Crim.R. 33(C). State v. Hargrove, 11th Dist. No. 2000-A-0068, 2002-Ohio-2944, 2002 Ohio App. LEXIS 2828.
 {¶ 18} As stated above, appellant did not state any reason explaining his delay in filing his motion or in discovering the evidence. Therefore, the motion was not properly supported by affidavits. The trial court did not deny appellant due process of law by failing to hold an evidentiary hearing after appellant filed a deficient motion. Appellant's second assignment of error is overruled. The judgment of the Portage County Court of Common Pleas is affirmed.
JUDITH A. CHRISTLEY and CYNTHIA WESTCOTT RICE, JJ., concur.