DECISION
{¶ 1} Defendant-appellant, George T. Carr, Jr., appeals from a judgment of the Franklin County Court of Common Pleas denying his "motion to file a delayed motion for new trial." Defendant assigns a single error:
 {¶ 2} "The trial court erred in denying the defendant-appellant's motion to file a delayed motion for new trial without first determining whether the defendant-appellant was `unavoidably prevented from discovering the evidence within the one-hundred-twenty-day-period.' "
 {¶ 3} Because the trial court properly determined defendant failed to present evidence that he was unavoidably prevented from discovering the evidence at issue, we affirm.
 {¶ 4} By indictment filed November 17, 2000, defendant was charged with one count of felonious assault in violation of R.C. 2903.11 and one count of endangering children in violation of R.C. 2919.22, both with respect to defendant's infant daughter, A.C.
 {¶ 5} On May 15, 2001, defendant changed his not guilty by reason of insanity plea to a no contest plea to the second count of the indictment, endangering children; the state dismissed the other charge. Almost immediately, defendant began efforts to set aside the plea. On June 6, 2001, defendant filed a letter entitled "No Contest Plea Withdrawn"; on June 25, 2001, defendant filed a "Petition on Ineffective Assistance of Counsel." Defendant ultimately was sentenced to seven years of incarceration on July 2, 2001.
 {¶ 6} On December 26, 2001, defendant filed a petition to vacate or set aside his sentence, contending he was arrested without probable cause and was denied the right to compulsory process regarding alibi witnesses. Before the trial court could rule on that motion, defendant, on January 7, 2002, filed a motion to amend his post-conviction relief petition regarding information that was withheld from him; on January 18, 2002, he filed a motion to withdraw his no contest plea. On January 31, 2002, the trial court overruled defendant's petition to vacate or set aside sentence, and on February 1, 2002, it overruled defendant's motion to withdraw his guilty plea.
 {¶ 7} On February 27, 2002, defendant again filed a petition to vacate or set aside his sentence, again contending he was deprived of effective assistance of counsel. On July 10, he sought to amend the petition to include allegations that the prosecuting attorney withheld evidence from him. Specifically, defendant mentioned a letter dated May 26, 2001 from Coleen Castel that suggested defendant was not at the premises when and where A.C. was injured. In between defendant's February 27 petition to vacate and his July 10 amended petition, this court affirmed defendant's conviction pursuant to his no contest plea. State v. Carr (Mar. 21, 2002), Franklin App. No. 01AP-849.
 {¶ 8} On July 10, 2002, defendant also filed a motion for a new trial, again referencing the May 26 letter. Following the state's response, on September 19, 2002, defendant filed a "motion to file a delayed motion for new trial," which the trial court overruled on October 22, 2002. On appeal, defendant contends the trial court erred in overruling his motion seeking leave to file a delayed motion for new trial.
 {¶ 9} Preliminarily, we note that this record raises serious question whether defendant may seek a motion for new trial, as defendant never had a trial. Instead, he entered a no contest plea to one of the two counts of the indictment, and the state dismissed the other count. As a result, defendant arguably may not pursue a motion for new trial. See State v. Taylor, Huron App. No. H-01-053, 2002-Ohio-2168 ("[a]lthough appellant filed a motion for new trial, we will construe it as a motion to withdraw his no contest plea as appellant never had a trial"); State v. Willis (Nov. 8, 1991), Miami App. No. 91CA-1 ("[i]t has also been held that a motion for new trial will not lie where there has not been a trial. State v. Adams [Dec. 29, 1982], Wayne App. No. 1829"); City of Akron v. Darulis (Jan. 10, 1996), Summit App. No. 17246 ("Darulis appeals, assigning six errors. All of these errors concern the same basic issue: whether the trial court erred by refusing to grant Darulis a new trial. Darulis, however, never had a trial, as he pleaded no contest to the charges. The trial court could not grant the motion for a new trial because no trial ever occurred").
 {¶ 10} Even if we consider defendant's single assignment of error, defendant's contentions lack merit. Pursuant to Crim.R. 33(A)(6), a new trial may be granted on motion of the defendant when "new evidence material to the defense is discovered, which the defendant could not with reasonable diligence have discovered and produced at the trial." Crim.R. 33(B) sets the time parameters for a motion for new trial and provides that motions for new trial generally are to be filed within one 120 days after the verdict was rendered. Nonetheless, "[i]f it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period."
 {¶ 11} A Crim.R. 33 motion for new trial is addressed to the sound discretion of the trial judge. State v. Scheibel (1990), 55 Ohio St.3d 71. Because defendant filed a motion for new trial after the 120-day period set forth in Crim.R. 33(B), defendant was required to seek leave of court to file a delayed motion. State v. Mathis (1999), 134 Ohio App.3d 77. Leave from the court is granted only when defendant proves by clear and convincing evidence that he was unavoidably prevented from filing a timely motion or discovering the new evidence within the period provided by the rule. Id.; State v. Roberts (2001), 141 Ohio App.3d 578. "[A] party is unavoidably prevented from filing a motion for new trial if the party had no knowledge of the existence of the ground supporting the motion for a new trial and could not have learned of the existence of that ground within the time prescribed for filing the motion for new trial in the exercise of reasonable diligence." State v. Walden (1984),19 Ohio App.3d 141, 145-146.
 {¶ 12} Defendant supports his motion with a May 26, 2001 affidavit signed by Colleen Castel, with whom defendant was living at the time of the incident giving rise to the child endangering and felonious assault charges. Defendant and Castel had infant twin daughters, A.C. being one of them. In his motion, defendant asserts he was unavoidably prevented from obtaining her letter because she sent it to the prosecuting attorney and his own attorney, both of whom failed to disclose it to him. He contends he discovered the letter because someone from the clerk of court's office forwarded it to him after obtaining it from the private files of either the prosecutor's office or the office of his own attorney.
 {¶ 13} Apart from the inherently unbelievable aspect of defendant's claim that he discovered the letter through the auspices of the clerk of court's office, his motion fails to explain how he was unaware of potentially favorable information from the woman he was living with at the time of the incident. Nor does he explain Castel's complete abandonment of her statements at the sentencing hearing, where she explained, "[f]or whatever reason, [A.C.] cried and wouldn't stop, and you shook her. She cried again and you shook her again. I'll never truly know what happened to poor little sweet [A.C.] because of all your lies, but I do know that you had choices. * * * You were her father. How could you? She was so tiny, so fragile, so helpless, so precious." (July 2, 2001 Tr., 18.)
 {¶ 14} Because defendant has failed to show the trial court abused its discretion in denying his "motion to file a delayed motion for new trial," we affirm the judgment of the trial court.
Judgment affirmed.
PETREE, P.J., and TYACK, J., concur.