DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Steven A. Bozsik, appeals the decision of the Medina County Court of Common Pleas, denying him a new trial on charges of aggravated murder and murder. This Court affirms.
 I. {¶ 2} On December 16, 1999, appellant was indicted on one count of aggravated murder, in violation of R.C. 2903.01(A), and one count of murder, in violation of R.C. 2903.02. Appellant entered a plea of not guilty, and the matter proceeded to jury trial. Appellant was found guilty of both charges.
 {¶ 3} Appellant timely filed an appeal with this Court, and this Court affirmed appellant's conviction. State v. Bozsik (Dec. 26, 2001), 9th Dist. No. 3091-M, 1, discretionary appeal not allowed by State v.Bozsik (2002), 95 Ohio St.3d 1437.
 {¶ 4} On January 7, 2002, appellant filed a motion for leave to file a motion for new trial pursuant to Crim.R. 33. The trial court denied the motion. Appellant timely appealed, setting forth one assignment of error for review.
 II. ASSIGNMENT OF ERROR {¶ 5} "The trial court abused its discretion in denying appelant's motion for leave to file a motion for new trial pursuant to the requirements set forth in Criminal Rule 33."
 {¶ 6} In his sole assignment of error, appellant argues that the trial court erred in denying his motion for leave to file a delayed motion for a new trial. This Court disagrees.
 {¶ 7} An appellate court will not disturb a trial court's denial of a motion for a new trial absent an abuse of discretion. State v.Williams (1975), 43 Ohio St.2d 88, paragraph two of the syllabus. An abuse of discretion is more than merely an error of judgment; it connotes a decision that is unreasonable, arbitrary, or unconscionable. Berk v.Matthews (1990), 53 Ohio St.3d 161, 169. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
 {¶ 8} A new trial may be granted on the motion of the defendant "[w]hen new evidence material to the defense is discovered, which the defendant could not with reasonable diligence have discovered and produced at the trial." Crim.R. 33(A)(6). Such a motion must be made within one hundred twenty days of the end of the proceedings if the basis for the motion is the discovery of new evidence. Crim.R. 33(B). "If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period." Id. "Clear and convincing proof requires more than a mere allegation that a defendant has been unavoidably prevented from discovering the evidence he seeks to introduce as support for a new trial." State v. Mathis (1999),134 Ohio App.3d 77, 79.
 {¶ 9} In the present case, appellant moved for leave to file a delayed motion for a new trial pursuant to Crim.R. 33(A)(6) approximately two and one-half years after the verdict was rendered in his case. In support of his motion, appellant attached his own affidavit. Appellant alleged the following items were newly discovered evidence: a telephone bill, a photograph, a gun, a death certificate, and a receipt for a dozen roses. A review of the record reveals that appellant had knowledge of the items at the time of his trial and that he testified on his own behalf at trial.
 {¶ 10} On the basis of the affidavit submitted with his motion, appellant failed to meet his burden of establishing by clear and convincing proof that the evidence was undiscoverable within one hundred twenty days. See Crim.R. 33(B). Moreover, appellant failed to demonstrate that he was unavoidably prevented from filing a timely motion for a new trial. Consequently, the trial court did not err in denying appellant's motion for leave to file a delayed motion for a new trial. Appellant's assignment of error is overruled.
 III. {¶ 11} Appellant's sole assignment of error is overruled. The judgment of the Medina County Court of Common Pleas is affirmed.
Judgment affirmed.
SLABY, P.J. and REECE, J. concur.
(REECE, J., retired judge of the Ninth District Court of Appeals, sitting by assignment pursuant to Article IV,§ 6(C), Constitution.)