[Cite as *State v. Henson*, 2021-Ohio-2496.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-200182 |
| | | TRIAL NO. B-0700777 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| DERRYCK HENSON, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  July 21, 2021

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Judith Anton Lapp*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Derryck Henson*, pro se.

**HENDON, Judge**.

{¶1} Defendant-appellant Derryck Henson presents on appeal a single assignment of error challenging the Hamilton County Common Pleas Court's judgment denying his Crim.R. 33(B) motion for leave to file a motion for a new trial. We affirm the court's judgment.

{¶2} In 2008, Henson was convicted of murder in the fatal shooting of Richard Muhammad after Muhammad had refused Phillip Harris's demand that he pay for drugs delivered by Harris to the hotel room of Angel and Darrell Ferguson. When interviewed by the police, Angel Ferguson identified Henson as the shooter. In his interview with the police, Henson admitted to police that he had been in the room when Muhammad was shot and had fled from the premises with Harris, but he insisted that Harris had been the shooter. Because Angel Ferguson feared for her safety, local law enforcement helped her enter a witness-protection program and assisted Darrell Ferguson in avoiding potential problems with his parole. And by agreement of the parties, Angel Ferguson's testimony was taken at a deposition and presented at the trials of Harris and Henson.

{¶3} Henson unsuccessfully challenged his murder conviction in a presentence motion for a new trial, on direct appeal, in a 2009 postconviction petition, and in his 2019 motion for leave to file a motion for a new trial. *See State v. Henson*, 1st Dist. Hamilton No. C-080261 (Aug. 26, 2009), *appeal not accepted*, 124 Ohio St.3d 1418, 2009-Ohio-6816, 919 N.E.2d 216; *State v. Henson*, 1st Dist. Hamilton No. C-100526 (Oct. 26, 2011).

{¶4} In his 2019 motion, Henson sought leave under Crim.R. 33(B) to file out of time a Crim.R. 33(A)(6) motion for new trial based on newly discovered evidence. The motion for leave was supported by the 2009 affidavit of retained counsel who had represented Henson until jury selection and the 2018 affidavit of David Sparks, who had driven Harris and Henson from the scene of the shooting. In his affidavit, counsel stated that when Angel Ferguson was deposed, he would have cross-examined her concerning measures taken to protect her safety, efforts made to

preserve Darrell Ferguson's parole status, or financial support provided to the Fergusons, if he had been aware that any such "benefit or compensation" had been provided by the police. In his affidavit, David Sparks averred that he had long known that Harris had been wrongfully convicted of a murder that "he simply had nothing to do with," and that he made his affidavit because his "conscience" no longer allowed him to "go along with a lie, for the sake of a deal" that he had been offered in the case.

{¶5} A new trial may be granted under Crim.R. 33(A)(6) on the ground that "new evidence material to the defense is discovered, which the defendant could not with reasonable diligence have discovered and produced at trial." A Crim.R. 33(A)(6) motion for a new trial on the ground of newly discovered evidence must be filed either within 120 days of the return of the verdict or within seven days after leave to file a new-trial motion has been granted. Crim.R. 33(B).

{¶6} A court may grant leave under Crim.R. 33(B) to file a Crim.R. 33(A)(6) motion for a new trial out of time only upon "clear and convincing proof" that the defendant had, within 120 days of the return of the verdict, been "unavoidably prevented" from discovering, and from presenting in a new-trial motion, the evidence upon which the proposed new-trial motion depends. *State v. Schiebel*, 55 Ohio St.3d 71, 74, 564 N.E.2d 54 (1990); *State v. Carusone*, 1st Dist. Hamilton No. C-130003, 2013-Ohio-5034, ¶ 32. A claim of unavoidable prevention must be supported with evidence demonstrating that, within 120 days of the return of the verdict, the movant did not know that the proposed ground for a new trial existed and could not, in the exercise of reasonable diligence, have learned of its existence. *State v. Mathis,* 134 Ohio App.3d 77, 79, 730 N.E.2d 410 (1st Dist.1999), *rev'd in part on other grounds*, *State v. Condon*, 157 Ohio App.3d 26, 2004-Ohio-2031, 808 N.E.2d 912, ¶ 20 (1st Dist.). The court's decision concerning leave may not be overturned on appeal if it was supported by some competent and credible evidence. *Schiebel* at 74; *Mathis* at 79.

**{¶7}** Crim.R. 33(B), by its terms, contemplates a hearing. The nature of that hearing is discretionary with the court and depends on the circumstances. The court must conduct an evidentiary hearing if the evidence offered in support of the motion demonstrates unavoidable prevention. *See Carusone* at ¶ 4 and 33; *State v. Gaines*, 1st Dist. Hamilton No. C-090097, 2010-Ohio-895, ¶ 4.

**{¶8}** Henson did not support his motion for leave with an affidavit attesting to the circumstances of securing the affidavits provided by counsel and Sparks. Nor does the record demonstrate that Henson had been unavoidably prevented from learning of the evidence contained in those affidavits. To the contrary, Henson's counsel had conveyed in his opening statement the essence of the evidence contained in Sparks's affidavit. And counsel had based Henson's presentence motion for a new trial on the state's alleged failure to disclose in discovery any benefits or compensation provided to the Fergusons before Angel Ferguson was deposed. Thus, neither the motion for leave, with its supporting evidentiary material, nor the record before us can be said to provide clear and convincing proof that Henson had been unavoidably prevented from timely discovering and presenting in a new-trial motion the evidence upon which his new-trial motion depended.

**{¶9}** We, therefore, hold that the common pleas court did not abuse its discretion in declining to conduct an evidentiary hearing and did not err in denying the motion. Accordingly, we overrule the assignment of error and affirm the judgment of the court below.

Judgment affirmed.

**MYERS, P.J.,** and **WINKLER, J.,** concur.

SYLVIA S. HENDON, retired, from the First Appellate District, sitting by assignment.

Please note:

The court has recorded its entry on the date of the release of this opinion.