[Cite as *State v. Thompson*, 2021-Ohio-4431.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

     Plaintiff-Appellee,          :

                                   No. 110391

     v.                                    :

JOHN THOMPSON,                          :

     Defendant-Appellant.         :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** December 16, 2021

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-00-396442-ZA

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Daniel T. Van, Assistant Prosecuting Attorney, *for appellee.*

Rufus Sims, *for appellant.*

ANITA LASTER MAYS, J.:

{¶ 1} Defendant-appellant John Thompson ("Thompson") appeals the trial court's decision to deny his motion for leave to file a motion for a new trial. We reverse the trial court's decision and remand to the trial court.

**{¶ 2}** In 2000, after a jury trial, Thompson was found guilty of two counts of rape, first-degree felonies, in violation of R.C. 2907.02. He was sentenced to life imprisonment and classified as a sexual predator.

## I. Facts and Procedural History

**{¶ 3}** Thompson's son ("the son") testified at trial that Thompson engaged in sexual conduct with him on three separate occasions when he was seven years old. The son stated that Thompson performed fellatio on his private parts and told the son not to tell his mother. After the third occasion, the son told his mother about all the incidents.

**{¶ 4}** Thompson was found guilty and sentenced to life imprisonment. Thompson filed an appeal in *State v. Thompson*, 8th Dist. Cuyahoga No. 79334, 2002-Ohio-5957 ("*Thompson I*"), and assigned nine errors for the court to review. The court affirmed Thompson's convictions. After which, Thompson filed a motion for reconsideration on December 20, 2002, that was denied. On January 20, 2003, Thompson then appealed to the Ohio Supreme Court, and the court denied leave to appeal and dismissed. Thompson filed a motion for reconsideration, and the court denied his motion on May 19, 2003. On that same day, Thompson filed a motion for leave to file appeal, which the trial court denied. On August 14, 2003, Thompson appealed the trial court's decision, and the court of appeals denied his application for reopening. Thompson appealed this decision to the Supreme Court, and the court dismissed his appeal for the second time on January 5, 2004.

{¶ 5} On April 20, 2020, Thompson filed a motion for leave instanter to file a delayed motion for a new trial. In his motion, he argued that on October 28, 2019, the son recanted his testimony that was presented at his trial in 2000. Thompson submitted an affidavit where the son states that Thompson did not rape him, but rather an older male cousin molested him when he was two or three years old. The son also stated that he told a social worker that a cousin molested him, but the cousin's mother got upset. The cousin told the son to say that someone else molested him; consequently the son told his mother that Thompson raped him. The state stated in its brief that the son, also in the affidavit, told his friends, a professor, his mother, his brother, and his sister that his father did not rape him. The son spoke to Thompson's lawyer and the Innocence Project, where he was told that it was his fault for waiting so long.

{¶ 6} The state filed an opposition brief. The trial court denied Thompson's motion and request for a hearing. Journal entry No. 116200640 (Mar. 1, 2021). In response, Thompson filed a motion for the court to establish findings of fact and conclusions of law, which the trial court ruled as moot.

{¶ 7} In response to the trial court's denial of Thompson's motion for leave to file a motion for new trial, he filed the instant appeal assigning one error for our review:

> I. The trial court erred when it denied appellant's motion for leave instanter to file motion for new trial as it failed to establish appellant was unavoidably prevented from discovering the new evidence within 120 days of the verdict.

**II. Denial of Motion for Leave**

**A. Standard of Review**

{¶ 8} "This court reviews the denial of leave to file a delayed motion for a new trial for an abuse of discretion." *State v. Sutton*, 2016-Ohio-7612, 73 N.E.3d 981, ¶ 13 (8th Dist.). An abuse of discretion is not simply an error of law or judgment, but implies the court's attitude is unreasonable, arbitrary, or unconscionable. *State v. Yates*, 8th Dist. Cuyahoga No. 96664, 2011-Ohio-4962, ¶ 5.

**B. Law and Analysis**

{¶ 9} "A party who fails to file a motion for new trial within the prescribed timeframe must seek leave from the trial court to file a delayed motion for new trial." *State v. Hill*, 8th Dist. Cuyahoga No. 108250, 2020-Ohio-102, ¶ 15, citing *State v. Hale*, 8th Dist. Cuyahoga No. 107782, 2019-Ohio-1890, ¶ 9. "The trial court may grant leave to file a delayed motion for new trial if the movant shows, by clear and convincing evidence, that he was unavoidably prevented from filing the motion for new trial and he sought leave within a reasonable time after discovering the evidence." *Id.*

{¶ 10} Crim.R. 33 outlines the reasons upon which a new trial may be granted. For example, "[w]hen new evidence material to the defense is discovered, which the defendant could not with reasonable diligence have discovered and produced at the trial," a new trial may be granted on motion of the defendant. Crim.R. 33(A)(6).

**{¶ 11}** However, "[m]otions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived." Crim.R. 33(B). "If the 120-day time period has expired, as here, the defendant must first seek leave of the trial court to file a delayed motion for a new trial." *State v. Dues*, 8th Dist. Cuyahoga No. 105388, 2017-Ohio-6983, ¶ 10, citing *State v. Mathis*, 134 Ohio App.3d 77, 79, 730 N.E.2d 410 (1st Dist.1999).

**{¶ 12}** "To obtain leave, Crim.R. 33(B) requires that the defendant must demonstrate by clear and convincing evidence that he was unavoidably prevented from discovering the new evidence within the 120-day time period." *Id.* at ¶ 11, citing *Mathis* at 79. "'[A] party is unavoidably prevented from filing a motion for a new trial if the party had no knowledge of the existence of the ground supporting the motion and could not have learned of that existence within the time prescribed for filing the motion in the exercise of reasonable diligence.'" *Id.*, quoting *State v. Brown*, 8th Dist. Cuyahoga No. 95253, 2011-Ohio-1080, ¶ 13. "Clear and convincing evidence is 'the amount of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established.'" *State v. Metcalf*, 2d Dist. Montgomery No. 26101, 2015-Ohio-3507, ¶ 10, citing *Lansdowne v. Beacon Journal Publishing Co.*, 32 Ohio St.3d 176, 180, 512 N.E. 2d 979 (1987).

**{¶ 13}** Thompson claims that he was unavoidably prevented from discovering evidence that he did not molest the son. Thompson argues that the son

was threatened, intimidated, and coerced by an older male cousin to cover up the fact that this cousin molested the son. Thompson contends in his motion that he lacked access to the son since his incarceration and thus is entitled to a hearing because he could not have known the son's testimony was coerced. "[A] defendant is only entitled to a hearing if he submits documents that on their face support the claim of being unavoidably prevented from timely discovering the new evidence." *Id.*, citing *State v. McConnell*, 170 Ohio App.3d 800, 2007-Ohio-1181, 869 N.E.2d 77, ¶ 19 (2d Dist.).

{¶ 14} The state argues that Thompson's motion fails to offer any type of timeline of events. However, the record reveals that Thompson has been in custody since September 11, 2000. The record also reveals that the son was wrestling with the dilemma of telling his truth since adulthood. Additionally, in the affidavit, the son discussed the issue with relatives other than Thompson and other individuals before he was confident enough to place his story on the internet. Once the events of his life were placed on the internet, the son was contacted by an investigator and a notarized statement was completed on October 28, 2019. The notarized statement was converted to an affidavit of materiality on April 16, 2020. The information contained in the affidavit includes evidence that is not contained in the trial record. Thompson filed his motion for leave on April 20, 2020. The validity of the son's statements is to be decided at an evidentiary hearing. "It is at the hearing on the motion for leave that the court must determine whether the petitioner met his

burden of clearly and convincingly showing that he was indeed unavoidably prevented from discovering the evidence."  *State v. Phillips*, 2017-Ohio-7164, 95 N.E.3d 1017, ¶ 25 (8th Dist.).  Because Thompson submitted evidence that on its face showed he was unavoidably prevented from discovering the evidence sooner, he was entitled to a hearing on his motion for leave.

{¶ 15}  Therefore, Thompson's assignment of error is sustained.

{¶ 16}  Judgment reversed and remanded.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

SEAN C. GALLAGHER, P.J., and
LISA B. FORBES, J., CONCUR