JOURNAL ENTRY AND OPINION *Page 2 
{¶ 1} Plaintiff-appellant, Crosscheck, Inc. ("Crosscheck"), appeals the trial court's granting the motion for relief from judgment filed by defendant-appellee, Bonita Bain ("Bain"). Finding merit to the appeal, we reverse and remand.
 {¶ 2} In January 2006, Crosscheck filed suit against Bain for money owed from a dishonored check that was submitted by Bain to John Lance Ford, LLC ("Lance") for the purchase of an automobile[1] Because Bain never filed an answer to the complaint, Crosscheck filed a motion for default judgment in March 2006. The trial court granted Crosscheck's motion in September 2006.
 {¶ 3} On October 18, 2006, Bain filed a motion for relief from judgment pursuant to Civ.R. 60(B). On October 25, 2006, the magistrate recommended granting Bain's motion. Crosscheck filed an objection to the magistrate's decision, arguing that it had no opportunity to respond to the motion and that the motion was without merit. In November 2006, the trial court adopted the magistrate's recommendation and granted Bain's Civ.R. 60(B) motion and set the matter for trial.
 {¶ 4} Crosscheck now appeals, raising two assignments of error. In the first assignment of error, Crosscheck argues that the trial court erred in granting Bain's Civ.R. 60(B) motion prior to the time allotted by Loc.R. 27 of the Rocky River Municipal Court. *Page 3 
 {¶ 5} The decision whether to grant or deny a motion for relief from judgment pursuant to Civ.R. 60(B) is a matter within the sound discretion of the trial court and the court's ruling will not be reversed absent an abuse of discretion. Griffey v. Rajan (1987),33 Ohio St.3d 75, 514 N.E.2d 1122.
 {¶ 6} In order to prevail on a Civ.R. 60(B) motion, the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time and where the grounds of relief are Civ.R. 60(B) (1), (2), or (3), not more than one year after judgment. GTE Automatic Electric v. ARC Industries (1976),47 Ohio St.2d 146, 351 N.E.2d 113, at paragraph two of the syllabus. The trial court need not hold an evidentiary hearing if the movant fails to demonstrate all three elements of GTE. Yanky v. Yanky, Cuyahoga App. No. 83020,2004-Ohio-489, citing Kay v. Marc Glassman, Inc., 76 Ohio St.3d 18,1996-Ohio-430, 665 N.E.2d 1102.
 {¶ 7} Civ.R. 5(D) mandates that all papers required to be served on a party shall be filed with the court within three days after service. It further provides:
 "Papers filed with the court shall not be considered until proof of service is endorsed thereon."
 {¶ 8} Moreover, Loc.R. 27 of the Rocky River Municipal Court provides that: "[e]ach party opposing a motion other than Motion for Summary Judgment shall *Page 4 
serve and file a brief in opposition within seven (7) days of service of said Motion * * *." In the instant case, Bain filed her Civ.R. 60(B) motion on October 18, 2006, and indicated an October 24, 2006 certificate of service date, violative of Civ.R. 5(D). The record reveals that the trial court granted Bain's motion on October 25, 2006. Thus, the trial court issued its ruling prior to the expiration of the seven-day response time allowed under the local rule. Therefore, we reverse and remand to allow Crosscheck the opportunity to respond to Bain's motion as prescribed by Loc.R. 27 of the Rocky River Municipal Court.
 {¶ 9} Accordingly, the first assignment of error is sustained.
 {¶ 10} In the second assignment of error, Crosscheck argues that the trial court erred in granting Bain's Civ.R. 60(B) motion without a hearing because Bain failed to prove sufficient grounds for relief. However, since we find that the trial court prematurely ruled on the motion, this assignment of error is moot and need not be addressed.
 {¶ 11} Thus, the second assignment of error is overruled.
 {¶ 12} Accordingly, judgment is reversed and this cause is remanded for further proceedings consistent with this opinion.
It is ordered that appellant recover of said appellee costs herein taxed.
 The Court finds there were reasonable grounds for this appeal. *Page 5 
It is ordered that a special mandate issue out of this court directing the Rocky River Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SEAN C. GALLAGHER, J., and ANTHONY O. CALABRESE, J., CONCUR.
[1] Lance assigned its rights to collect to Crosscheck. *Page 1