[Cite as *State v. Chapman*, 2014-Ohio-1059.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 99960**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## LITRELL CHAPMAN

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-96-345621

**BEFORE:** Jones, P.J., E.A. Gallagher, J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** March 20, 2014

**FOR APPELLANT**

Litrell Chapman, pro se
Inmate #334-875
Trumbull Correctional Institution
P.O. Box 901
Leavittsburg, Ohio 44430


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY: Daniel T. Van
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., P.J.:

**{¶1}** Defendant-appellant Litrell Chapman appeals the denial of his postconviction petition. We affirm.

**{¶2}** In 1997, Chapman was convicted of aggravated murder and aggravated robbery in the death of Anthony Pauletta. His convictions were affirmed on appeal. *State v. Chapman*, 8th Dist. Cuyahoga No. 73609, 2002-Ohio-5558 ("*Chapman I*"). He filed an application for reopening that this court denied. *State v. Chapman*, 8th Dist. Cuyahoga No. 73609, 2003-Ohio-4163 ("*Chapman II*"). He also filed a writ of habeas corpus that was dismissed in federal court as being time-barred. *Chapman v. Moore*, N.D.Ohio No. 1:04 CV 0361, 2005 U.S. Dist. LEXIS 33139 (Dec. 15, 2005).

**{¶3}** In 2013, Chapman filed a postconviction petition that the state opposed. The trial court denied the petition without holding an evidentiary hearing.

**{¶4}** Chapman filed a notice of appeal and raises seven assignments of error for our review. See appendix. The second through seventh assignments of error will be combined for discussion.

**{¶5}** In his first assignment of error, Chapman argues that he was denied the right to a direct appeal. Chapman claims that because his appeal in *Chapman I* was a delayed appeal, he was not afforded the right to directly appeal his conviction.

**{¶6}** First, we note that this argument does not directly relate to the denial of Chapman's postconviction petition; it relates to his first appeal, *Chapman I*. Therefore, we could summarily dismiss the argument. *See* App.R. 3(D) and 4. We use our

discretion, however, to briefly address Chapman's claim.

{¶7} Chapman was sentenced on November 7, 1997. He filed his notice of appeal on December 1, 1997, but his appeal was initially dismissed because he failed to file the record. He filed an application for reopening on February 1, 2002, that this court converted into a delayed appeal. This court issued an order stating that his original appeal was "reinstated to active status" and assigned him appellate counsel. *Chapman I*, Motion No. 335518. His conviction was subsequently affirmed.

{¶8} Chapman's delayed appeal was a direct appeal of his conviction; therefore, his argument is without merit. The first assignment of error is overruled.

{¶9} In the second through seventh assignments of error, Chapman challenges the trial court's denial of his postconviction petition.

{¶10} R.C. 2953.21 through 2953.23 set forth the means by which a convicted defendant may seek to have the trial court's judgment or sentence vacated or set aside pursuant to a petition for postconviction relief. A defendant's petition for postconviction relief is a collateral civil attack on his or her criminal conviction. *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 48. The statute affords relief from judgment where the petitioner's rights in the proceedings that resulted in his or her conviction were denied to such an extent the conviction is rendered void or voidable under the Ohio or United States Constitutions. R.C. 2953.21(A); *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph four of the syllabus.

{¶11} R.C. 2953.21 provides that a postconviction petition must be filed within

180 days from the filing of the trial transcripts in the petitioner's direct appeal. Chapman's motion for reopening, that this court converted into a motion for delayed appeal, was filed in 2002; he filed his postconviction petition in 2013. Therefore, Chapman's petition was untimely filed.

{¶12} Pursuant to R.C. 2953.23(A)(1), the trial court may entertain an untimely filed petition only if: (1) the petitioner was unavoidably prevented from discovering the facts on which the petition is predicated, or (2) the United States Supreme Court has recognized a new federal or state law that would apply retroactively to the petitioner and he or she asserts a claim based on that new right.

{¶13} Chapman alleges he has newly discovered evidence, which is that his trial counsel should have been found to be ineffective for failing to fully investigate a state's witness, Kenneth Gay. He also claims that because another state's witness, David Lehecka, admitted he was drunk and did not see the shooter, Lehecka could not have reliably assisted the police in developing a composite sketch of the suspect.

{¶14} But Chapman's arguments are not new and certainly do not rely on newly discovered evidence or facts that he was unavoidably prevented from discovering before he filed his postconviction petition. In fact, his same arguments have already been rejected by this court. Under the doctrine of res judicata, "a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *State v. Patrick*, 8th Dist. Cuyahoga No. 99418, 2013-Ohio-5020, ¶ 7, citing *Grava v. Parkman*

*Twp.*, 73 Ohio St.3d 379, 382, 653 N.E.2d 226 (1995).

**{¶15}** In his application for reopening, Chapman raised the same arguments that he raised in his postconviction petition: (1) he was convicted based on hearsay evidence and perjured testimony; (2) his trial counsel was ineffective because counsel did not investigate Gay's criminal record or challenge Lehecka's credibility; and (3) the failure to disclose exculpatory evidence.

**{¶16}** In *Chapman II*, this court dismissed Chapman's arguments in toto, finding that neither appellate counsel nor trial counsel was ineffective. This court noted that trial counsel established that Gay was a drug dealer who had used crack cocaine just before the murder and Lehecka was drunk during the incident and could not identify the shooter. *Id.* at ¶ 20. As to Gay's criminal history, this court noted that Chapman was merely speculating that Gay had a more extensive criminal history than what was testified to at trial. *Id.* at ¶ 19, fn. 3.

**{¶17}** With regard to Chapman's claim that the state failed to disclose exculpatory evidence, this court found:

> Chapman * * * argues prosecutorial misconduct in failing to disclose exculpatory evidence, i.e., that the two eyewitnesses at the time of the crime were under the influence of cocaine or alcohol and that one eyewitness seemed confused about the location of the crime and the identities of the shooter and the helper. The court has reviewed the portions of the record to which Chapman cites to support this argument and concludes that it is baseless.

*Id.* at ¶ 11.

**{¶18}** Chapman's "newly discovered evidence" used to support his postconviction

petition is the same or similar to those claims that he made on appeal and in his application for reopening of his appeal. Therefore, his claims are barred by res judicata and the trial court did not err when it found that his postconviction petition was untimely filed.

{¶19} Chapman also contends that the trial court erred when it denied his postconviction petition without issuing findings of fact and conclusions of law. But a trial court need not issue findings of fact and conclusions of law when it dismisses an untimely postconviction petition. *State ex rel. Kimbrough v. Greene*, 98 Ohio St.3d 116, 2002-Ohio-7042, 781 N.E.2d 155, ¶ 6. This rule applies even when the defendant, as here, claims, under R.C. 2953.23, that he or she was unavoidably prevented from discovery of the facts to present his or her claim for postconviction relief. *State ex rel. Reynolds v. Basinger*, 99 Ohio St.3d 303, 2003-Ohio-3631, 791 N.E.2d 459, ¶ 7.

{¶20} Finally, Chapman claims the trial court erred when it denied his motion without first holding an evidentiary hearing. But a court may dismiss a postconviction petition without an evidentiary hearing if the petition shows that the petitioner is not entitled to relief. R.C. 2953.21(C); *State v. Piasecki*, 8th Dist. Cuyahoga No. 98952, 2013-Ohio-1191, ¶ 21. Because Chapman's petition was entirely without merit, the trial court did not err when it denied his petition without holding a hearing.

{¶21} The assignments of error are overruled.

{¶22} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

LARRY A. JONES, SR., PRESIDING JUDGE

EILEEN A. GALLAGHER, J., and
MARY EILEEN KILBANE, J., CONCUR

## Appendix:    Assignments of Error

I.    The appellant was denied his constitutional right to due process and equal protection of law guaranteed by the 14th Amendment to the United States Constitution and Article I Section 16 of the Ohio Constitution when the trial court abused its discretion when it failed to re-enter its judgment granting the appellant a direct appeal as of right.

II.    The appellant was denied his constitutional right to due process and equal protection of law guaranteed by the 14th Amendment to the United States Constitution and Article I Section 16 of the Ohio Constitution when the trial court abused its discretion when it determined the appellant was untimely in presenting the new evidence to support his claim the trial court had a duty to inquire into his dissatisfaction of appointed counsel.

III.    The appellant was denied his constitutional right to due process and equal protection of law guaranteed by the 14th Amendment to the United States Constitution and Article I Section 16 of the Ohio Constitution when the trial court abused its discretion when it determined the appellant was untimely in discovering the newly discovered evidence pertaining to Kenneth Gay's criminal history.   Where the appellant made a specific request for it and was told if it existed, it would be disclosed.

IV.    The appellant was denied his constitutional right to due process and

equal protection of law guaranteed by the 14th Amendment to the United States Constitution and Article I Section 16 of the Ohio Constitution when the trial court abused its discretion when it determined the appellant was untimely in discovering requested *Brady* (Kenneth Gay criminal history) information.   The prosecution fail[ed] to disclose after the appellant made a specific request for it.

V.   The appellant was denied his constitutional right to due process and equal protection of law guaranteed by the 14th Amendment to the United States Constitution and Article I Section 16 of the Ohio Constitution when the trial court abused its discretion when it determined the appellant was untimely in discovering the evidence pertaining to the prosecution knowingly using false/perjury testimony and evidence where he showed a composite to the jury and stated it was the killer he knew this to be false.

VI.   The trial court abused its discretion when it denied the petitioner['s] petition without [finding of facts] and conclusions of law denying the appellant his constitutional right to due process and equal protection of law guaranteed by the 14th Amendment to the United States Constitution and Article I Section 16 of the Ohio Constitution.

VII.   The trial court abused its discretion when it failed to grant an evidentiary hearing denying the appellant due process and equal protection of law guaranteed by the 14th Amendment to the United States Constitution and Article I Section 16 of the Ohio Constitution.