[Cite as *State v. Chapman*, 2019-Ohio-176.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

## JOURNAL ENTRY AND OPINION
### No. 107158

---

## STATE OF OHIO

### PLAINTIFF-APPELLEE

vs.

## LITRELL CHAPMAN

### DEFENDANT-APPELLANT

---

## JUDGMENT:
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-96-345621-ZA

**BEFORE:** Kilbane, A.J., S. Gallagher, J., and Jones, J.

**RELEASED AND JOURNALIZED:** January 17, 2019

**APPELLANT**

Litrell Chapman, pro se
Inmate No. A334875
2240 Hubbard Road
Youngstown, Ohio 44505


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
Daniel T. Van
Assistant County Prosecutor
The Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, A.J.:

{¶1} This is an accelerated appeal brought pursuant to App.R. 11.1 and Loc.App.R. 11.1.

{¶2} Defendant-appellant, Litrell Chapman ("Chapman"), pro se, appeals from the trial court's denial of his motion for a new trial. For the reasons set forth below, we affirm.

{¶3} The facts and procedural history of this case were previously set forth by this court in Chapman's third appeal to this court — *State v. Chapman*, 8th Dist. Cuyahoga No. 99960, 2014-Ohio-1059 ("*Chapman III*"):

> In 1997, Chapman was convicted of aggravated murder and aggravated robbery in the death of Anthony Pauletta. His convictions were affirmed on appeal. *State v. Chapman*, 8th Dist. Cuyahoga No. 73609, 2002-Ohio-5558 ("*Chapman I*"). He filed an application for reopening that this court denied. *State v. Chapman*, 8th Dist. Cuyahoga No. 73609, 2003-Ohio-4163 ("*Chapman II*"). He also filed a writ of habeas corpus that was dismissed in federal court as being time-barred. *Chapman v. Moore*, N.D.Ohio No. 1:04 CV 0361, 406 F. Supp.2d 835, 2005 U.S. Dist. LEXIS 33139 (Dec. 15, 2005).

**{¶4}** In *Chapman III*, this court reviewed Chapman's 2013 petition for postconviction relief. Chapman alleged in his petition that trial counsel should have been found to be ineffective for failing to fully investigate a state's witness. He also claimed that because another state's witness admitted he was drunk and did not see the shooter, this witness could not have reliably assisted the police in developing a composite sketch of the suspect. *Id.* at ¶ 13. We affirmed the trial court's denial of Chapman's petition, finding that his arguments were barred by res judicata and did not rely on newly discovered evidence or facts that he was unavoidably prevented from discovering. *Id.* at ¶18-19.

**{¶5}** Following our decision in *Chapman III*, Chapman filed a pro se motion for new trial in 2018. Chapman argued he had newly discovered evidence, which was an affidavit of an eyewitness ("Smalley Affidavit") stating that Chapman could not have been the shooter. Chapman did not seek leave from the trial court prior to filing the motion. The state opposed, arguing that Chapman failed to seek leave prior to the filing of his motion and demonstrate that he was unavoidably prevented from discovering the evidence he now relies upon, and his affidavit lacked any type of particularity that would warrant relief. The trial court agreed with the state and denied Chapman's motion for a new trial.

**{¶6}** It is from this order that Chapman appeals, raising the following three assignments of error for review.

Assignment of Error One

[Chapman] was denied due-process of law and equal protection of the laws guaranteed by the 14th amendment to the U.S. Constitution and Article I, Section 16 of the Ohio Constitution when the trial court abused its discretion and erred as a matter of law in denying [Chapman] was unavoidably prevented from discovering the evidence. The trial court was required to hold a mandatory hearing to determine if [Chapman] was unavoidably prevented from discovering the evidence.

## Assignment of Error Two

[Chapman] was denied due-process of law and equal protection of the laws guaranteed by the Fourteenth Amendment to the U.S. Constitution and Article I Section 16 of the Ohio Constitution when the trial court committed plain error under Crim.R. 52(B) in denying [Chapman's] motion for new trial without allow[ing] him the allotted ten days to respond to the prosecution brief in opposition.

## Assignment of Error Three

[Chapman] was denied due process and equal protection of laws guaranteed by the 14th Amendment to the United States Constitution and Article I Section 16 of the Ohio Constitution when the trial court abused its discretion [and/or] erred as a matter of law when it denied [Chapman] the right to respond to the prosecution brief in opposition before denying [Chapman's] motion for leave guaranteed by [Civ.R. 6 and 59].

## Motion for New Trial

{¶7}    In the first assignment of error, Chapman claims the trial court erred in denying his motion for new trial because he could not have reasonably discovered the evidence within 120 days from the jury verdict.   However, we cannot reach the question of whether a new trial should be granted based on the purportedly newly discovered evidence because Chapman did not file a motion for new trial within the time prescribed by Crim.R. 33 and did not seek leave from the court prior to filing the untimely motion.

{¶8}    Crim.R. 33 provides criminal defendants the opportunity to correct errors that affected a substantial right that occurred at trial.   It states in relevant part:

[a] new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:

* * *

(6) When new evidence material to the defense is discovered, which the defendant could not with reasonable diligence have discovered and produced at the trial. When a motion for a new trial is made upon the ground of newly discovered

evidence, the defendant must produce at the hearing on the motion, in support thereof, the affidavits of the witnesses by whom such evidence is expected to be given, and if time is required by the defendant to procure such affidavits, the court may postpone the hearing of the motion for such length of time as is reasonable under all the circumstances of the case. The prosecuting attorney may produce affidavits or other evidence to impeach the affidavits of such witnesses.

*Id.*

**{¶9}** Crim.R. 33 also sets forth a period of time within which the motion must be filed.

As it relates to motions based on newly discovered evidence, the rule provides that

[m]otions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period.

*Id.* at (B).

**{¶10}** Here, more than 15 years have passed since the verdict was reached in Chapman's case. A defendant who fails to timely file a motion for a new trial must first seek leave from the trial court prior to filing his or her motion for a new trial. *State v. Dues*, 8th Dist. Cuyahoga No. 105388, 2017-Ohio-6983, ¶ 10, citing *State v. Mathis*, 134 Ohio App.3d 77, 79, 730 N.E.2d 410 (1st Dist.1999).

**{¶11}** To obtain leave, Crim.R. 33(B) requires that the defendant must demonstrate by clear and convincing proof that he or she was unavoidably prevented from filing his motion for a new trial. *Mathis* at *id*.

"[A] party is unavoidably prevented from filing a motion for a new trial if the party had no knowledge of the existence of the ground supporting the motion for a new trial and could not have learned of the existence of that ground within the time prescribed for filing the motion * * * in the exercise of reasonable diligence."

*State v. Brown*, 8th Dist. Cuyahoga No. 95253, 2011-Ohio-1080, ¶ 13, quoting *State v. Walden*, 19 Ohio App.3d 141, 145-146, 483 N.E.2d 859 (10th Dist.1984).

{¶12} We note that a "Crim.R. 33 motion for a new trial is addressed to the sound discretion of the trial court and will not be reversed absent an abuse of discretion." *State v. Allen*, 8th Dist. Cuyahoga No. 103492, 2016-Ohio-7045, ¶ 8, citing *State v. Schiebel*, 55 Ohio St.3d 71, 77, 564 N.E.2d 54 (1990). "'The term "abuse of discretion" * * * implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" (Citations omitted.) *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983), quoting *State v. Adams*, 62 Ohio St.2d 151, 404 N.E.2d 144 (1980).

{¶13} Because Chapman failed to file a motion for leave first, it cannot be said that the trial court abused its discretion in denying the motion for new trial. "A trial court does not abuse its discretion in denying a motion for new trial filed outside the Crim.R. 33(B) time frame where the defendant does not first seek leave to file the motion." (Citations omitted.) *State v. Golden*, 10th Dist. Franklin No. 13AP-927, 2014-Ohio-2148, ¶ 10; *State v. Tucker*, 8th Dist. Cuyahoga No. 95556, 2011-Ohio-4092, ¶ 29-30. Moreover, even if the court were to consider the contents of the new evidence — the Smalley Affidavit — this evidence does not establish good cause for an untimely motion for new trial. The affidavit places Chapman in the area of the shooting and does not identify someone else as the shooter; it does not exonerate Chapman. Additionally, the Smalley Affidavit was obtained in November 2017, and Chapman waited four months before filing his motion for new trial, without first seeking leave.

{¶14} Accordingly, the first assignment of error is overruled.

<u>Response Time — Motion for a New Trial</u>

**{¶15}** In the second and third assignments of error, Chapman argues his constitutional rights were violated when the trial court denied his motion for a new trial before allowing him ten days to reply to the state's opposition to his motion. In support of his argument, Chapman cites to Crim.R. 57(B) and Civ.R. 59. Crim.R. 57(B) provides that the court may resort to the civil rules of procedure if no rule of criminal procedure exists. Civ.R. 59 governs civil motions for new trial and specifically provides for replies under Civ.R. 59(B). Chapman's reliance on these rules is misplaced.

**{¶16}** While this court has previously found that the trial court errs when it rules on motions without first waiting for responses within scheduled time limits, this is not the case in the matter before us because the rules do not provide for a scheduled reply time. *See Crosscheck, Inc. v. Bain*, 8th Dist. Cuyahoga No. 89211, 2007-Ohio-6076; *Cleveland v. Laylle*, 8th Dist. Cuyahoga No. 75196, 1999 Ohio App. LEXIS 5571 (Nov. 24, 1999); *Mackey v. Steve Barry Ford, Inc.*, 8th Dist. Cuyahoga No. 58681, 1991 Ohio App. LEXIS 2574 (May 30, 1991).

**{¶17}** Here, the criminal rules contain a specific rule for criminal motions for new trial — Crim.R. 33(B). Crim.R. 33(B) does not mandate that the trial court must obtain a reply to any responsive pleading from the state before ruling upon the motion for leave for a new trial. Rather, the rule only requires the court make a determination as to whether the defendant was unavoidably prevented from filing his or her motion for new trial in a timely manner. Crim.R. 33(B). Moreover, Loc.R. 11(D) of the Court of Common Pleas of Cuyahoga County, General Division, provides that "[r]eply or additional briefs upon motions and submissions may be filed with leave of the Court only upon a showing of good cause." Chapman did not seek leave from the trial court to file a reply to the state's opposition. As a result, his constitutional rights were

not violated when the trial court denied his motion for a new trial before allowing him ten days to reply to the state's opposition.

**{¶18}** Therefore, the second and third assignments of error are overruled.

**{¶19}** Judgment is affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, ADMINISTRATIVE JUDGE

SEAN C. GALLAGHER, J., and
LARRY A. JONES, SR., J., CONCUR