[Cite as *State v. Hyde*, 2020-Ohio-4383.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | No. 109189 |
| v. | : | |
| EDWARD HYDE, JR., | : | |
| Defendant-Appellant. | : | |

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** September 10, 2020

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-98-368392-ZA

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Mary M. Frey, Assistant Prosecuting Attorney, *for appellee.*

Lester S. Potash, *for appellant.*

SEAN C. GALLAGHER, J.:

{¶ 1} Defendant-appellant Edward Hyde, Jr. ("Hyde"), appeals the trial court's decision to deny his motion to terminate the lifetime suspension of his driving privileges. After reviewing the record, we affirm the trial court's decision.

**Background**

{¶ 2} In 1988, Hyde was convicted of one count of aggravated vehicular homicide in violation of R.C. 2903.06, a felony of the third degree, and three counts of aggravated vehicular assault in violation of R.C. 2903.08, felonies of the fourth degree, with an attendant D.U.I. specification on each count. Hyde was sentenced to five years in prison and his driver's license was suspended for life. His convictions were affirmed on appeal in *State v. Hyde*, 8th Dist. Cuyahoga No. 77592, 2001 Ohio LEXIS 81 (Jan. 11, 2001) ("*Hyde* I").

{¶ 3} On May 5, 2015, the trial court denied Hyde's motion for termination of suspension of his driving privileges, or for limited occupational privileges. That decision was reversed in *State v. Hyde*, 8th Dist. Cuyahoga No. 103098, 2016-Ohio-113 ("*Hyde* II"), wherein it was determined that the trial court relied on "outdated case law" and made erroneous legal conclusions. *Id.* at ¶ 10 and 22. In *Hyde* II, this court recognized that "the trial court's reliance on the fact he committed the offenses while under the influence was not a valid basis for denying his motion," and the case was remanded "for the trial court to conduct a hearing to determine whether 'other considerations' weigh against terminating Hyde's life suspension pursuant to R.C. 4510.54(D)." *Id.* at ¶ 17 and 27. In February 2017, the trial court granted Hyde limited driving privileges for occupational, medical, and church purposes. In the judgment entry, the trial court retained "the right to modify or terminate the defendant's limited driving privileges * * *."

{¶ 4} On September 23, 2019, over 30 years after his conviction, Hyde filed a motion to terminate his driver's license suspension and requested a hearing pursuant to R.C. 4510.54. The state filed a brief in opposition to the motion on October 3, 2019. On October 9, 2019, the trial court denied the motion upon "consideration of the motion filed and the state's brief in response[.]" Hyde timely filed this appeal.

**Law and Analysis**

{¶ 5} Hyde raises three assignments of error for our review. His first two assignments of error challenge (1) the trial court's issuance of a ruling before the time for filing a reply brief, and (2) the clerk of courts' erroneous service of the electronic notification of the filing of the state's brief in opposition upon Hyde and not upon his counsel.

{¶ 6} The Ohio Rules of Criminal Procedure contain no provision that would require the trial court to allow for a reply brief before ruling on the motion at issue. Hyde argues that Crim.R. 57(B) directs that in the absence of a procedure under the criminal rules, the civil rules of procedure may be applied. Therefore, he claims he was entitled to file a reply under a Civ.R. 6(C)(1).

{¶ 7} Hyde misconstrues Crim.R. 57(B), which provides: "If no procedure is specifically prescribed by rule, the court may proceed in any lawful manner not inconsistent with these rules of criminal procedure, and shall look to the rules of civil procedure and to the applicable law if no rule of criminal procedure exists." As stated in Crim.R. 57(A)(1): "The expression 'rule of court' * * * means a rule

promulgated by the Supreme Court or a rule concerning local practice adopted by another court that is not inconsistent with the rules promulgated by the Supreme Court and is filed with the Supreme Court."

{¶ 8} As applicable in this matter, Loc.R. 11(D) of the Court of Common Pleas of Cuyahoga County, General Division, allows reply briefs to be filed "'with leave of the Court only upon a showing of good cause.'" Loc.R. 11(D) is not inconsistent with the Ohio Rules of Criminal Procedure and is the applicable law that governs in this matter.

{¶ 9} Thus, the trial court was permitted to rule upon Hyde's motion without waiting for a reply brief. *See State v. Chapman*, 8th Dist. Cuyahoga No. 107158, 2019-Ohio-176, ¶ 16-17 (finding the trial court was permitted to rule on a motion for leave for a new trial without waiting for a reply). Insofar as Hyde argues that the clerk of courts erroneously sent notification of the filing of the brief in opposition to him, as opposed to his counsel of record, we find no reversible error occurred because the trial court was permitted to rule on the motion without a reply and nothing prevented Hyde from requesting leave to file a reply after his motion was denied. Accordingly, we overrule the first and second assignments of error.

{¶ 10} Under his third assignment of error, Hyde claims the trial court abused its discretion when denying his motion to terminate his driver's license suspension.

{¶ 11} Hyde sought to terminate his driver's license suspension pursuant to R.C. 4510.54. The statute permits a defendant whose driver's license has been

suspended for life or for a period in excess of fifteen years to "file a motion with the sentencing court for modification or termination of the suspension." The statute requires the defendant to demonstrate that the requirements under R.C. 4510.54(A)(1)-(3) have been met. R.C. 4510.54(A).

{¶ 12} Pursuant to R.C. 4510.54(B), the trial court has the discretion to "deny the motion without a hearing, but shall not grant the motion without a hearing." The statute provides that "[i]f the motion is denied without a hearing, the court may consider a subsequent motion filed by the defendant[,]" but "[i]f the court denies the motion after a hearing, the court shall not consider a subsequent motion for that person." R.C. 4510.54(B).

{¶ 13} Pursuant to R.C. 4510.54(D), "[b]efore ruling on the motion, the court shall take into account the person's driving record, the nature of the offense that led to the suspension, and the impact of the offense on any victim." R.C. 4510.54(D). "The court *may* modify or terminate the suspension subject to any considerations it considers proper if the court finds that allowing the person to drive is not a danger to the public." (Emphasis added.) R.C. 4510.54(D).

{¶ 14} Ultimately, the decision on whether to modify or terminate a driver's license suspension under R.C. 4510.54(D) rests within the sound discretion of the trial court. Therefore, the trial court's decision to deny appellant's motion will not be reversed absent an abuse of discretion. *See State v. Bullington*, 8th Dist. Cuyahoga Nos. 107266 and 107267, 2019-Ohio-351, ¶ 8-9. "'When applying this standard, an appellate court is not free to substitute its judgment for that of the trial

court.'" *State v. Herring,* 94 Ohio St.3d 246, 255, 2002-Ohio-796, 762 N.E.2d 940, quoting *Berk v. Matthews*, 53 Ohio St.3d 161, 169, 559 N.E.2d 1301 (1990).

{¶ 15} In this case, Hyde demonstrated compliance with all the requirements set forth in R.C. 4510.54(A)(1)-(3) and the exclusions in R.C. 4510.54(F) do not apply. In support of his motion, appellant submitted a certificate recognizing his employment service with the United States Department of Defense, his driving record and criminal record, which revealed no further moving violations or criminal offenses, proof of insurance, and other documents. The state's brief in opposition argued "the serious nature of Hyde's offenses" and their impact. In denying the motion, the trial court indicated that its ruling was made "in consideration of the motion filed and the state's brief in response."

{¶ 16} Although appellant argues that "the trial court's order provides no evidence of its consideration for this court to conduct a meaningful review," the trial court acted within its discretion in denying the motion and was not required to set forth any reasons in its decision. As this court found in *Bullington*, the trial court's denial of a motion to terminate a driver's license suspension without reasons or explanation was not an abuse of discretion because the statute, which in that case was R.C. 2925.03(G)(2), conferred the discretion to grant or deny the motion on the trial court and did not require the trial court to engage in an analysis on the record. *Id.* at ¶ 6 and 9.

{¶ 17} We recognize that Hyde has demonstrated that he meets the eligibility requirements under R.C. 4510.54(A), that his suspension was imposed

over 30 years ago, and as this court recognized in *Hyde* II, "he has remained a law-abiding citizen since the charges and appears to have overcome his alcohol addiction." *Hyde* II, 8th Dist. Cuyahoga No. 103098, 2016-Ohio-113, at ¶ 22. However, R.C. 4510.54(D) also instructs the court to take into account the nature of the offense that led to the suspension and the impact of the offense on any victim, and as acknowledged in *Hyde* II, "R.C. 4510.54(D) does allow the trial court discretion in determining whether the modification or termination should be granted based on 'other considerations' * * *." *Id.* at ¶ 21. Nothing in R.C. 4510.54 requires a trial court to terminate a previously imposed license suspension when eligibility requirements are met.

{¶ 18} Our review of the trial court's journal entry reflects that it considered the arguments and documents presented in Hyde's motion and the state's response relative to R.C. 4510.54(D). The trial court exercised its discretion to deny the motion without a hearing. R.C. 4510.54(B).

{¶ 19} Accordingly, we find the trial court acted within the discretion afforded by R.C. 4510.54 and we cannot substitute our judgment for that of the trial court. Nevertheless, we recognize that the trial court granted Hyde limited driving privileges in February 2017, which was over two years before Hyde filed his motion in this matter, and the trial court may consider a subsequent motion filed by the defendant. *See* R.C. 4510.54(B). Under circumstances such as those presented in this case, we would encourage trial courts to exercise their discretion in holding a hearing under R.C. 4510.54(D) to afford the parties the opportunity to present

information relevant to the motion before rendering a decision. Hyde's third assignment of error is overruled.

{¶ 20} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, JUDGE

MARY J. BOYLE, P.J., and
PATRICIA ANN BLACKMON, J., CONCUR